IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB MEINERT, as Class Representative individually and on behalf of those Plaintiffs who submitted a religious exemption and were fired, and NICHOLAS SCHALLUS, as Class Representative individually and on behalf of those Plaintiffs who submitted a medical exemption and were fired,<br><br>            Plaintiffs,<br><br>      v.<br><br>PORT AUTHORITY OF ALLEGHENY COUNTY d/b/a Pittsburgh Regional Transit,<br><br>            Defendant. | No.: 2:22-cv-01736-RJC<br><br>Judge Robert J. Colville |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

Before the Court is Plaintiffs, Jacob Meinert, as Class Representative individually and on behalf of those Plaintiffs who submitted religious exemptions and were fired, and Nicholas Schallus', as Class Representative individually and on behalf of those Plaintiffs who submitted a medical exemption and were fired, Motion for Partial Summary Judgment. ECF No. 49. Also before the court is Defendant, Port Authority of Allegheny County d/b/a Pittsburgh Regional Transit's, Motion to Sever Claims of Plaintiffs. ECF No. 54. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331. The Motions have been fully briefed and are ripe for disposition.

    **I.**    **Factual Background & Procedural History**

Plaintiffs filed a Third Amended Class Action Complaint against Defendant on behalf of themselves and all others similarly situated, alleging that implementation of Defendant's Covid-

1

19 Mandatory Vaccination Policy violated state and federal law.  Third Am. Compl., ECF No. 33. The following facts, as alleged in Plaintiffs' Third Amended Complaint, are relevant to the Court's consideration of the Motions at issue:

Defendant is a Pennsylvania public authority responsible for providing public transportation in Allegheny County.  Plaintiffs are former employees of Defendant who "were bus drivers or maintenance workers of various types who held sincerely held religious beliefs against receiving the Covid-19 vaccination." *Id.* ¶ 11.  In January of 2022, "Defendant announced that all employees must receive a Covid-19 vaccination by March 15, 2022 or face discipline up to and including termination." *Id.* ¶ 12.  Plaintiffs submitted religious and/or medical exemptions to the Covid-19 vaccination mandate. *Id.* ¶ 16.  "Defendant denied all or virtually all exemption requests it received, regardless of merit." *Id.* ¶ 18.  As a result, Plaintiffs' employment was terminated. *Id.* ¶ 42.

Plaintiff Meinert is the class representative for individuals who were denied a religious exemption and were fired. *Id.* ¶ 52.  Plaintiff Schallus is the class representative for individuals who were denied a medical exemption and were fired. *Id.* ¶ 53.

On December 28, 2023, Plaintiff filed a Motion for Partial Summary Judgment (ECF No. 49) along with exhibits and a Brief in Support (ECF No. 50).  On January 11, 2024, Defendant filed its Brief in Opposition (ECF No. 52) along with a Concise Statement of Material Facts (ECF No. 53).  On January 22, 2023, Defendant sought leave to file supplemental authority in support of its Response in Opposition (ECF No. 57) which was granted by the Court (ECF No. 58).  On January 23, 2024, Plaintiffs filed their Reply.  ECF No. 59.

On January 11, 2024, Defendant filed its Motion to Sever Claims of Plaintiffs (ECF No. 54) along with its Brief in Support (ECF No. 55).  On February 20, 2024, Plaintiffs filed their

Response in Opposition. ECF No. 68. On February 28, 2024, Defendant filed its Reply. ECF No. 69.

    II.       **Legal Standard**

    **A. Summary Judgment**

Summary judgment may be granted where the moving party shows that there is no genuine dispute about any material fact, and that judgment as a matter of law is warranted. Fed. R. Civ. P. 56(a). Pursuant to Federal Rule of Civil Procedure 56, the court must enter summary judgment against a party who fails to make a showing sufficient to establish an element essential to his or her case, and on which he or she will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In evaluating the evidence, the court must interpret the facts in the light most favorable to the nonmoving party, drawing all reasonable inferences in his or her favor. *Watson v. Abington Twp.*, 478 F.3d 144, 147 (3d Cir. 2007).

"The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact." *Bavone v. Primal Vantage Co., Inc.*, No. 2:21cv1260, 2024 WL 756815, at *1 (W.D. Pa. Feb. 21, 2024). When the moving party carries their burden, the summary judgment "opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Further:

> A non-moving party may not successfully oppose a summary judgment motion by resting upon mere allegations or denials contained in the pleadings, or by simply reiterating those allegations or denials in an affidavit. *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Rather, the non-moving party must offer specific evidence found in the record that contradicts the evidence presented by the movant and indicates that there remain relevant factual disputes that must be resolved at trial. *See id*. If the non-moving party does not respond in this manner, the court, when appropriate, shall grant summary judgment. Fed.R.Civ.P. 56(e).

*Mahaven v. Pulaski Twp.*, 139 F. Supp. 2d 663, 664–65 (W.D. Pa. 2001), *aff'd*, 45 F. App'x 155 (3d Cir. 2002); *see also Bavone*, 2024 WL 756815, at *1 ("Likewise, mere conjecture or speculation by the party resisting summary judgment will not provide a basis upon which to deny the motion.").

In ruling on a motion for summary judgment, the court's function is not to weigh the evidence, make credibility determinations, or determine the truth of the matter; rather, its function is to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. *Reeves v. Sanderson Plumbing Prods., Inc.,* 530 U.S. 133, 150–51 (2000) (citing decisions); *Anderson v. Liberty Lobby*, 477 U.S. 242, 248–49 (1986); *Simpson v. Kay Jewelers, Div. of Sterling, Inc.*, 142 F.3d 639, 643 n. 3 (3d Cir. 1998).

The mere existence of a factual dispute, however, will not necessarily defeat a motion for summary judgment. Only a dispute over a material fact—that is, a fact that would affect the outcome of the suit under the governing substantive law—will preclude the entry of summary judgment. *Liberty Lobby*, 477 U.S. at 248.

**B. Motion to Sever**

Federal Rule of Civil Procedure 21 provides: "[m]isjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. District courts "have broad discretion in deciding whether to sever a party pursuant to Federal Rule of Civil Procedure 21." *Boyer v. Johnson Matthey, Inc.*, No. CIV.A. 02-CV-8382, 2004 WL 835082, at *1 (E.D. Pa. Apr. 16, 2004) (citing *Fanning v. Black & Decker, Inc.*, No. 98–6141, 1999 WL 163628, at *1 (E.D. Pa. Mar.18, 1999)). "Rule 21 is 'most commonly invoked to sever parties

4

improperly joined under Rule 20.'" *Boyer,* 2004 WL 835082, at *1 (quoting *Norwood Co. v. RLI Ins. Co.*, No. 01–6153, 2002 WL 523946, at *1 (E.D. Pa. Apr.4, 2002)).

With respect to persons who may be joined as plaintiffs in a single civil action, Rule 20 provides:

> (1) Plaintiffs. Persons may be joined in one action as plaintiffs if:
>
> > (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
> >
> > (B) any question of law or fact common to all plaintiffs will arise in the action.

Fed. R. Civ. P. 20(a)(1). "For courts applying Rule 20 and related rules, 'the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.'" *Hagan v. Rogers*, 570 F.3d 146, 153 (3d Cir. 2009) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966)).

The United States District Court for the Western District of Pennsylvania has explained:

> The first element of Rule 20(a), the 'same transaction' or transactional relatedness prong, refers to the similarity in the factual background of the relevant claims. Courts generally apply a case-by-case approach when considering whether the facts of several claims constitute a single transaction or occurrence, or a series of transactions or occurrences. "In determining whether a logical relationship exists between claims, the Third Circuit has stated that courts must engage in 'a detailed analysis . . . to determine whether the claims involve: (1) many of the same factual issues; (2) the same factual and legal issues; or (3) offshoots of the same basic controversy between the parties.'"

*Washington v. Barnhart*, No. CV 17-70J, 2018 WL 3581761, at *7 (W.D. Pa. June 27, 2018), *report and recommendation adopted*, No. CV 17-70J, 2018 WL 3579840 (W.D. Pa. July 25, 2018) (quoting *Gibson v. Flemming*, Civ. No. 16-0392, 2017 WL 6039754, at *2 (W.D. Pa. Dec. 6, 2017)). "[C]ourts in this Circuit have found that 'the same series of transactions or occurrences prerequisite under Rule 20 essentially consumes the second requirement that there arise a question

5

of law or fact common to all joined parties.'" *Russell v. Chesapeake Appalachia*, L.L.C., 305 F.R.D. 78, 81 (M.D. Pa. 2015) (quoting *DirecTV, Inc. v. Chorba*, 3:03–cv–0843, 2003 WL 24178469, *2 (M.D. Pa. Oct. 16, 2003)).

With respect to situations where misjoinder under Rule 20 is not present, the United States District Court for the Middle District of Pennsylvania has explained:

> Nonetheless, the absence of a finding of misjoinder does not end the inquiry of whether severance is appropriate. Rather, once the court has resolved these threshold questions, it may then consider additional factors in determining whether to grant a motion to sever. These factors include:
>
>> (1) whether the issues sought to be tried separately are significantly different from one another;
>>
>> (2) whether the separable issues require the testimony of different witnesses and different documentary proof;
>>
>> (3) whether the party opposing the severance will be prejudiced if it is granted; and
>>
>> (4) whether the party requesting the severance will be prejudiced if it is not granted.

*Morris v. Kesserling*, No. 1:09-CV-1739, 2010 WL 5158412, at *4 (M.D. Pa. Dec. 14, 2010) (citing *United States v. Nat'l R.R. Passenger Corp.,* No. 86–1094, 2004 WL 1334726, *6 (E.D. Pa. June 15, 2004)).

### III. Discussion

#### A. Plaintiff's Partial Motion for Summary Judgment

Plaintiffs have asserted a claim for religious discrimination under Title VII and the Pennsylvania Human Relations Act, which requires an employee to show that "(1) he held a sincere religious belief that conflicted with a job requirement, (2) he informed his employer of the conflict, and (3) he was disciplined for failing to comply with the conflicting requirement." *Fallon v. Mercy Catholic Medical Center of Southeastern Pennsylvania*, 877 F.3d 487, 490 (3d Cir. 2017).

In support of their Motion, Plaintiffs argue that Defendant's admitted to the sincerity of Plaintiffs' religious beliefs in various statements and, as a result, Defendant should be prevented from arguing otherwise under the doctrines of waiver, estoppel, and/or forfeiture. Mot. ¶ 28; Br. in Supp. 9. Specifically, Plaintiffs rely on prelitigation statements made during their exemption process that Defendant was not questioning the sincerity or validity of Plaintiffs' religious beliefs when denying Plaintiffs' religious exemptions. Mot. ¶ 11. Additionally, Plaintiffs rely on similar post litigation statements made by Defendant's chief legal officer in arbitration proceedings, in a separate matter. Mot. ¶ 17. Lastly, Plaintiffs rely on a discovery response from Defendant in which Defendant stated that it did not have any documents to dispute the sincerity of Plaintiffs' religious beliefs. Mot. ¶ 13.

Defendant does not deny that these prelitigation statements were made, *see* Def. SOMF ¶ 3, but argues that these prelitigation statements do not entitle Plaintiffs to summary judgment. Additionally, Defendant argues that it at no time conceded Plaintiffs' religious sincerity or waived its ability to argue against the sincerity of Plaintiffs' religious beliefs during litigation. Defendant argues that it required Plaintiffs to submit evidence of their religious beliefs in support of their exemption requests and that Defendant reviewed this information when determining whether to grant Plaintiffs' exemption. Br. in Opp. 3. Additionally, Defendant argues that it sent prelitigation communications to Plaintiffs' attorney explaining that while the sincerity of Plaintiffs' religious beliefs was not being questioned for exemption purposes, Defendant was reserving the right to revisit the issue later if need be. *Id.*

Defendant is correct that Plaintiffs are not entitled to summary judgment on this issue. In support of its argument, Defendant points the Court to *Gallo v. Washington Nationals Baseball Club, LLC*, Civil No. 22-cv-01092, 2024 WL 1810621 (D. D.C. Jan. 18, 2024), in which the

District Court for the District of Columbia denied the plaintiff's partial motion for summary judgment brought under the exact same circumstances.  In *Gallo*, the plaintiff, like the Plaintiffs here, sought partial summary judgment "on the issue of whether [p]laintiff's inability to receive a COVID-19 vaccination was based on a sincerely held religious belief." *Gallo*, 2024 WL 1810621, at *1.  The plaintiff sought summary judgment based on prelitigation statements made by defendant's in-house counsel that the company recognized the plaintiff's religious beliefs during the exemption process and did not dispute the plaintiff's religious beliefs.  *Id.*  In *Gallo*, the court denied plaintiff's motion finding that plaintiff had not pointed the court to any case law to support the "novel proposition that prelitigation statements of a party as to an element of a claim can foreclose a party from contesting that element in litigation." *Id.*  Additionally, the *Gallo* court denied the plaintiff's motion on the basis that there was a genuine dispute of material fact as to whether the defendant had conceded the sincerity of the plaintiff's religious beliefs.  *Id.* at *2.

Here, like in *Gallo*, Plaintiffs have not identified any authority by which the Court could find that a defendant's prelitigation statements prevent the defendant from contesting an element of the case that the Plaintiffs themselves must prove.  This alone is reason to deny their Motion.

Additionally, like in *Gallo*, there are genuine issues of material fact that prevent the Court from granting summary judgment on this issue.  Here, Defendant has presented evidence that it informed Plaintiffs, more than once in prelitigation statements, that Defendant was not waiving the right to require Plaintiffs to prove the sincerity of their religious beliefs at a later date.  Def. SOMF ¶ 6-7.  Reviewing all the statements, in their entirety, the Court cannot find that Plaintiffs have met their burden, for purposes of summary judgment, on the issue of whether Plaintiffs held a sincere religious belief.

Lastly, the Court finds that Plaintiffs' Motion for Partial Summary Judgment is premature. *See Mueller v. CBS, Inc.*, 200 F.R.D. 242, 244 (W.D. Pa. 2001) (holding that plaintiff's motions for summary judgment were premature when the parties had only engaged in class certification discovery). The parties have only engaged in class certification discovery and have not had the opportunity to engage in merits discovery. It would be premature for the Court to issue a decision before merits discovery has proceeded in this matter.

### B. Defendant's Motion to Sever

Turning to Defendant's Motion to Sever, Defendant argues that the claims of Meinert and Schallus should be separated pursuant to Rule 20 because their claims do not arise out of the same transaction or occurrence and do not involve the same questions of law or fact. *See* Br. in Supp. Specifically, Defendant argues that the only connection between Plaintiffs' claims are that they were both employed by Defendant and both submitted Covid-19 exemptions. *Id.* p. 1. Otherwise, Defendant argues Plaintiffs were employed in different roles, in different locations, and requested exemptions on different grounds. *Id.* p. 4-5. Additionally, Defendant argues that Plaintiffs must establish different elements for religious versus disability discrimination. *Id.* p. 5.

Plaintiffs argue that both of their claims arise as a result of Defendant's vaccine mandate and that Plaintiffs were subject to the same review committee. Br. in Opp. 3. Plaintiffs additionally argue that their claims have common questions of law and fact because they will both need to prove that Defendant did not properly conduct their exemption reviews, failed to provide reasonable accommodations, and would have suffered no undue hardship if Plaintiffs' exemption requests had been approved. *Id.* p. 4.

The Court agrees with Plaintiffs, at this juncture, that their claims arise out of the same transactions or occurrence and involve common questions of fact. Plaintiffs claims arise out of

9

the same transaction or occurrence because their claims both arose as a result of Defendant's vaccination mandate, and they were both subject to termination as a result of that mandate. *Roth v. Austin*, 619 F. Supp. 3d 928, 967 (D. Neb. 2022) (finding that the plaintiffs' claims arose out of the same transaction or occurrence where each plaintiffs' claims arose based on the same Covid-19 vaccination mandate and they were each subject to discharge for failure to obtain an exemption).

Additionally, while the legal elements Plaintiffs' must prove for their discrimination claims differ, there are common questions of fact between their claims. When proving commonality, "[p]laintiffs only need to share a single question of law or fact to meet this 'very low threshold.'" *Boyer v. Johnson Matthey, Inc.*, No. Civ. A. 02-CV-8382, 2004 WL 835082, at *3 (E.D. Pa. April 16, 2004) (quoting *Barnes v. Am. Tobacco Co.*, 161 F.3d 127, 140, 141 n.15 (3d Cir. 1998)). Here, at this early stage of litigation, the Court finds that there are common questions of fact between Plaintiffs' claims. For example, both Plaintiffs raise questions as to what Defendant's exemption process entails and whether Defendant properly evaluated their exemption requests. Additionally, at this early stage, the Court understands that there will be an overlap in witnesses in this matter. As such, Defendant's Motion to Sever will be denied, without prejudice.

**IV.   Conclusion**

For the reasons discussed above, the Court will DENY Plaintiffs' Partial Motion for Summary Judgment and will DENY Defendant's Motion to Sever. An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: September 26, 2024

cc: All counsel of record